IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHAEL B. NORMAN,

              Plaintiff,

     v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY,

             Defendant.

CIVIL ACTION FILE NO.

1:10-CV-0685-JFK

**FINAL OPINION AND ORDER**

Plaintiff in the above-styled case brings this action pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of the Social Security Administration which denied his applications for disability insurance benefits and supplemental security income. For the reasons set forth below, the court **ORDERS** that the Commissioner's decision be **REVERSED** and that the case be **REMANDED** for further proceedings.

I.    **Procedural History**

Plaintiff Michael B. Norman filed applications for disability insurance benefits and supplemental security income in November 2006, alleging that he became disabled

on October 20, 2006.  [Record ("R.") at 69, 74].  After his applications were denied initially and on reconsideration, an administrative hearing was held on October 6, 2008.  [R. at 6-35].  The Administrative Law Judge ("ALJ") issued a decision on January 8, 2009, denying the claimant's applications.  [R. at 39-48].  After the Appeals Council denied a request for review on January 9, 2010, the claimant filed a complaint in this court on March 16, 2010, seeking judicial review of the final decision.  [R. at 1-5; Doc. 3].  The parties have consented to proceed before the undersigned Magistrate Judge.

## II.   Statement of Facts

The ALJ found that claimant Michael Norman has a left elbow injury which is a "severe" impairment within the meaning of the Social Security Regulations.  [R. at 44].   However, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. [R. at 45]. The ALJ found that Plaintiff has the residual functional capacity to perform light work with a number of limitations.  [Id.].  The ALJ found that Plaintiff could not perform any of his past relevant work but that there are a significant number of jobs in the national economy that he is able to perform, such as gate guard, cashier, and sorter.  [R. at 46-47].

2

Accordingly, the ALJ concluded that Plaintiff has not been under a disability from October 20, 2006, through January 8, 2009, the date of the ALJ's decision.  [R. at 47-48].

The ALJ's decision [R. at 42-48] states the relevant facts of this case as modified herein as follows:

According to the record, the claimant injured his elbow on December 6, 2004. (Exhibit 2F, page 5).  The claimant has a history of pain in the left elbow, and he also has a history of lateral epicondyle release of the left elbow.  (Exhibit 1F, page 1; Exhibit 6F, page 1).  In a letter dated February 13, 2007, Dr. Luther Rollins stated that the claimant underwent treatment with neuropathic agents even though there was a question as to whether he had an actual complex regional pain phenomenon.  (Exhibit 7F).

At a consultative examination held on March 2, 2007, the claimant had full arm and leg strength, as well as full grip strength.  (Exhibit 8F, page 3).  Dr. Sondi Moore-Waters stated that the claimant had a history of elbow pain, possibly due to reflex sympathetic dystrophy.  (Exhibit 8F, page 4).  However, there were no problems with sitting, standing or walking noted.  According to Dr. Waters, the claimant was not able to do any type of work that involved writing, lifting, or the use of the left arm.  In spite

3

of his injury to the left upper extremity, the claimant reported that he was able to do light cooking or cleaning. He reported that he did not need help with bathing or dressing. (Exhibit 8F, page 3). The claimant indicated that he is left handed and that it is his left arm that hurts. The claimant said that he walked a lot in the past but that walking hurts his arm and that he does not walk anymore. He said that he has three bad days a week. The claimant testified that he can lift/carry a gallon of milk with his left arm but that he would be in pain afterwards. He stated that he is able to dress himself and cook. The claimant also said that he has difficulty getting along with other people, concentrating, and remembering things.

Additional facts will be set forth as necessary during discussion of Plaintiff's arguments.

## III.   Standard of Review

An individual is considered to be disabled if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). The impairment or impairments must result from anatomical, psychological, or physiological abnormalities which are demonstrable by medically

4

acceptable clinical and laboratory diagnostic techniques and must be of such severity that the claimant is not only unable to do his previous work but cannot, considering age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  See 42 U.S.C. §§ 423(d)(2) and (3).

"We review the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards." Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."   Id. at 1440.   "Even if the evidence preponderates against the [Commissioner's] factual findings, we must affirm if the decision reached is supported by substantial evidence." Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). "'We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].'" Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)).

"The burden is primarily on the claimant to prove that he is disabled, and therefore entitled to receive Social Security disability benefits." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing 20 C.F.R. § 404.1512(a)).   Under the regulations as promulgated by the Commissioner, a five step sequential procedure is

followed in order to determine whether a claimant has met the burden of proving his disability.  See Doughty, 245 F.3d at 1278; 20 C.F.R. §§ 404.1520, 416.920.  At step one, the claimant must prove that he is not engaged in substantial gainful activity.  See id.  The claimant must establish at step two that he is suffering from a severe impairment or combination of impairments.  See id.  At step three, the Commissioner will determine if the claimant has shown that his impairments meet the Listing of Impairments found in Appendix 1.  If the claimant is able to make this showing, he will be considered disabled without consideration of age, education, and work experience.  See id. "If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work."  Doughty, 245 F.3d at 1278.  "At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work."  Id.  If, at any step in the sequence, a claimant can be found disabled or not disabled, the sequential evaluation ceases and further inquiry ends.  See 20 C.F.R. §§ 404.1520(a), 416.920(a).

## IV.   Findings of the ALJ

The ALJ made the following findings of fact:

6

1.      The claimant meets the insured status requirements of the Social Security Act through December 31, 2011.

2.      The claimant has not engaged in substantial gainful activity since October 20, 2006, the alleged onset date (20 C.F.R. § 404.1571, *et seq.*).

3.      The claimant has the following severe impairment: left elbow injury (20 C.F.R. § 404.1521, *et seq.*).

4.      The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1525 and 404.1526).

5.      The claimant has the residual functional capacity to perform light work, as defined in 20 C.F.R. § 404.1567(b), with the following limitations: the claimant can sit, stand, and walk, each, for up to 6 hours in an 8 hour day, with normal breaks; he can frequently balance, stoop, crouch, kneel, and climb ramps and stairs; he can occasionally crawl; and he cannot climb ladders, ropes, and scaffolds.  He is able to use his right, non-dominant, upper extremity to lift, carry, push, and pull up to 10 pounds frequently and 20 pounds occasionally; and he can use his left, dominant, upper extremity, to occasionally lift, carry, push, and pull up to 5 pounds frequently and 10 pounds occasionally.  The claimant can use his left, dominant, upper extremity to reach overhead, occasionally, but in all other directions frequently (not constantly).  He can use his left, dominant, upper extremity only occasionally to handle objects, but he can still finger and feel frequently (not constantly).

6.      The claimant is unable to perform any past relevant work (20 C.F.R. § 404.1565).

7.      The claimant was born on July 16, 1959, and was 47 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 C.F.R. § 404.1563).

7

8.      The claimant has at least a high school education and is able to communicate in English (20 C.F.R. § 404.1564).

9.      Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 C.F.R. § 404.1568).

10.     Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 404.1569 and 404.1569a).

11.     The claimant has not been under a disability, as defined in the Social Security Act, from October 20, 2006, through the date of the ALJ's decision (20 C.F.R. § 404.1520(g)).

[R. at 44-47].

## V.   Discussion

In the present case, the ALJ found at the first step of the sequential evaluation that Plaintiff Michael Norman has not engaged in substantial gainful activity since October 20, 2006, the date he allegedly became disabled. [R. at 44]. At the second step, the ALJ determined that the claimant has a left elbow injury, an impairment that is "severe" within the meaning of the Social Security Regulations. [Id.]. The ALJ found at the third step that the claimant did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. [R. at 45]. The ALJ found at the fourth step of the

8

sequential evaluation that the claimant was unable to perform his past relevant work as a school housekeeper/cleaner or garbage collector.  [R. at 46].  At the fifth step, the ALJ concluded that the claimant is able to perform other jobs that exist in significant numbers in the national economy, such as gate guard, cashier, and sorter.  [R. at 47].  Therefore, the claimant has not been under a disability at any time from his alleged onset date.  [R. at 47].

Plaintiff argues *inter alia* that the ALJ failed to evaluate the consultative opinion of Dr. Sondi Moore-Waters in accordance with Social Security law.  [Doc. 13 at 16-17].  Social Security regulations provide, "Regardless of its source, we will evaluate every medical opinion we receive."  20 C.F.R. § 404.1527(d).  Dr. Moore-Waters examined Plaintiff in March 2007 and found that he "is not able to do any type of work where he would have to do any writing, lifting, or any activities where he would have to use his left arm."  [R. at 234].  In contrast, the ALJ stated that Plaintiff could use his left upper extremity at varying degrees to lift, carry, push, pull, reach, handle, and finger occasionally or frequently.  [R. at 46].  The ALJ did not state how much weight she gave to the opinion of Dr. Moore-Waters, nor did the ALJ explain why she apparently rejected it when she formulated her assessment of Plaintiff's residual functional capacity.

9

The Commissioner asserts that the ALJ implicitly rejected Dr. Moore-Waters' opinion. [Doc. 14 at 10].  But Eleventh Circuit authority holds that the ALJ is required to "'state specifically the weight accorded to each item of evidence and why he reached that decision.'"  Reese v. Sullivan, 925 F.2d 1395, 1397 (11th Cir. 1991) (quoting Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)).  The only explanation that the ALJ provided with regard to the opinion of Dr. Moore-Waters was the following: "Although Dr. Waters opined that the claimant was not able to do any type of work that involved the use of the left arm, the claimant reported that he was able to engage in some activities that involved the use of the upper extremities, including light cooking and cleaning, bathing, [and] dressing." [R. at 46].  The court finds that the ALJ's explanation is not sufficient.

Like the ALJ, Dr. Moore-Waters stated that she was aware of Plaintiff's ability to cook, clean, bathe, and dress.  Dr. Moore-Waters wrote in her evaluation that Plaintiff Norman "is able to do some light cooking and cleaning" and that he "does not need any help with bathing or dressing." [R. at 233].  However, Dr. Moore-Waters concluded in the same evaluation that Plaintiff could not perform work using his left arm. [R. at 234].  The ALJ evaluated the same evidence but came to the contrary conclusion that Plaintiff was able to use his left arm to work. [R. at 46].  The court

10

finds that the ALJ substituted her opinion of Plaintiff's limitations for that of an examining specialist, Dr. Moore-Waters, without a sufficient explanation. See Freeman v. Schweiker, 681 F.2d 727, 731 (11th Cir. 1982) ("Further, we are convinced that the ALJ improperly substituted his judgment of the claimant's condition for that of the medical and vocational experts.").

It also does not appear that there is evidence in the record that Plaintiff is able to perform the activities of light cooking, cleaning, bathing, and dressing on a "regular and continuing basis," which is defined by Social Security Ruling 96-8p as "8 hours a day, for 5 days a week, or an equivalent work schedule."  This lack of evidence further undermines the ALJ's decision to apparently discredit the opinion of Dr. Moore-Waters on the basis of Plaintiff's ability to care for himself and perform light housework.  The Eleventh Circuit has stated that a claimant's ability to perform everyday tasks for a short amount of time does not support a finding that the claimant can perform sustained work. See Lewis, 125 F.3d at 1441 ("Nor do we believe that participation in everyday activities of short duration, such as housework or fishing, disqualifies a claimant from disability or is inconsistent with the limitations recommended by [the claimant's] treating physicians.").

11

The Commissioner argues that Dr. Moore-Waters' opinion is inconsistent with Plaintiff's work activity and the medical evidence.  [Doc. 14 at 11-12].  The ALJ, however, did not offer these reasons for rejecting Dr. Moore-Waters' opinion, and the court will not rely on *post hoc* arguments presented by the Commissioner.  See Owens v. Heckler, 748 F.2d 1511, 1516 (11th Cir. 1984) (noting the Court "decline[d] . . . to affirm simply because some rationale might have supported the ALJ's conclusion").  Even if the court were to consider these arguments, they would not support the ALJ's decision to discredit Dr. Moore-Waters' opinion.  The Commissioner notes that some medical records reveal that Plaintiff had excellent range of motion in the left upper extremity, little pain, and normal bilateral arm strength.  [Doc. 14 at 12, 130, 133, 142, 180-81, 221-25, 228-30].  However, the medical records cited by the Commissioner are from late 2004 through early 2006, before Plaintiff's alleged disability onset date of October 2006 and before Dr. Moore-Waters' examination of Plaintiff in March 2007.

The Commissioner also points out that records reflect that Plaintiff returned to work after December 6, 2004, the date of his elbow injury, and continued working until the spring of 2006.  [Doc. 14 at 11-12; R. at 69, 74, 176-81].  Also, at various times from December 2004 through November 2005, Plaintiff's treating physicians

12

stated that he could return to work.  [R. at 132, 133, 167, 207-12, 221].  This evidence of Plaintiff's work activity, however, is in no way inconsistent with Dr. Moore-Water's opinion.  As Plaintiff points out, all of the cited work activity occurred before Plaintiff's alleged disability onset date.  Plaintiff does not allege that he was disabled during the periods of time when he worked and was released to work.

The court finds that the ALJ failed to evaluate the consultative opinion of Dr. Sondi Moore-Waters in accordance with relevant Social Security law.  The ALJ apparently rejected Dr. Moore-Waters' opinion that Plaintiff is not able to work using his left arm, but she did not explain the reasons for rejecting this opinion nor did she state how much weight she gave to it.  [R. at 234].  Substantial evidence does not support the ALJ's decision.  The undersigned, therefore, **ORDERS** that the ALJ's decision be **REVERSED** and that the case be **REMANDED** for further proceedings in accordance with the prior discussion.  Because remand is warranted on this basis alone, Plaintiff's remaining arguments will only be addressed briefly.

Plaintiff correctly notes that the ALJ's failure to properly evaluate the opinion of Dr. Moore-Waters also affected other aspects of the decision.  The ALJ, for example, relied upon the testimony of a vocational expert ("VE") to conclude that there were jobs in significant numbers in the national economy that Plaintiff could

13

perform, but the left arm limitations found by Dr. Moore-Waters were not included in the hypothetical questions posed to the VE. [R. at 31-34]. The ALJ must accurately and comprehensively describe the claimant's impairments when posing a hypothetical question to a VE. See Pendley v. Heckler, 767 F.2d 1561, 1563 (11th Cir. 1985). Where the ALJ has failed to ask the VE a comprehensive hypothetical question and the decision of the ALJ denying a claimant's application for benefits is based significantly on the expert testimony, the decision is not supported by substantial evidence. See id. The undersigned cannot assume that the VE would have responded the same way had the ALJ posed a comprehensive hypothetical. See id.

Plaintiff testified at the hearing that the medications he takes to relieve the pain in his arm make him sleepy and cause problems with his memory and concentration. [R. at 21-22, 26]. While the Commissioner contends that the ALJ implicitly rejected Plaintiff's testimony, there was no mention of the alleged side effects of Plaintiff's medications in the ALJ's decision. The ALJ also did not include them in the hypothetical to the VE. This is an additional reason that the case should be remanded. Social Security regulations require an ALJ to consider the limiting effects of all of a claimant's impairments, including both exertional and non-exertional limitations. 20 C.F.R. §§ 404.1545(a), (e), 404.1569a.

14

Plaintiff also testified that he has difficulty walking for more than ten minutes due to pain in his arm caused by the walking.  [R. at 24-25].  This was noted by the ALJ when she wrote, "The claimant said that he walked a lot in the past but that walking hurts his arm, so he does not do it anymore."  [R. at 46].  The ALJ found Plaintiff "credible as to the nature and severity of his arm pain; but not as to the degree of overall limitation he alleges."  [R. at 46].  The ALJ found that Plaintiff could stand and walk for up to six hours in an eight hour day due to "the absence of an impairment that impacts his lower extremities. . . ."  [R. at 46].  It is not clear from the ALJ's decision how she found that Plaintiff's testimony regarding his arm pain was credible with regard to its nature and severity and, at the same time, she found that walking did not cause arm pain as he testified.  Upon remand, the ALJ should evaluate Plaintiff's testimony regarding the alleged impact his arm pain has on his ability to walk and explain any reasons for discrediting these allegations.

Plaintiff contends that the ALJ erred when she did not include in the hypothetical to the VE mental limitations caused by pain that the ALJ herself found. [Doc. 13 at 15].  The ALJ specifically found that Plaintiff did not have a mental impairment.  [R. at 46].  The ALJ stated that Plaintiff had difficulty getting along with others, remembering, and concentrating but that these limitations were attributable to

15

pain.  [R. at 46].  The ALJ explained that she found his allegations of the limiting effects of pain to be partially credible but she included no mental limitations in her hypothetical question to the VE.  [R. at 45-46].  Because it is not clear to what extent the ALJ found that Plaintiff experienced the mental limitations listed *supra* as a result of his pain, upon remand she should either include them in the hypothetical or if she discredits them, explain her reasons for doing so.

Plaintiff's final argument is that the ALJ erred by not obtaining records from March 2006 through September 2006 which allegedly describe treatment Plaintiff received from Southeastern Pain Specialists and HealthSouth Diagnostic Center. [Doc. 13 at 19-20].  According to Plaintiff, remand pursuant to Sentence Six of 42 U.S.C. § 405(g) is warranted on this basis.  [Id.].  "Because a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record." Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997) (citing Cowart, 662 F.2d at 735).  "Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.912(a)).  Moreover, as the Commissioner notes, the Eleventh Circuit has held:

> [T]here must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the Secretary for further development of the record. . . .   The court should be guided by whether the record reveals evidentiary gaps which result in unfairness or "clear prejudice."

Graham, 129 F.3d at 1423 (citations omitted).  In the present case, Plaintiff has failed to show that any gaps in the medical record during 2006 resulted in clear prejudice. While a remand pursuant to Sentence Four of 42 U.S.C. § 405(g) is warranted for the reasons discussed *supra*, remand is not appropriate under Sentence Six.[1]

## VI.    Conclusion

For the foregoing reasons and cited authority, the court finds that the decision of the ALJ was not supported by substantial evidence and was the result of a failure to apply the proper legal standards.   It is, therefore, **ORDERED** that the Commissioner's decision be **REVERSED** and that this action be **REMANDED** pursuant to 12 U.S.C. § 405(g) Sentence Four for further proceedings in accordance with the above discussion.  The Clerk is **DIRECTED** to enter judgment in favor of the Plaintiff.

---

[1]Plaintiff indicated in his reply brief that he intended to file a separate motion for remand under Sentence Six of 42 U.S.C. § 405(g), but no such motion has been filed. [Doc. 15 at 10].

17

**IT IS FURTHER ORDERED** that, in the event past due benefits are awarded to Plaintiff upon remand, Plaintiff's attorney may file a motion for approval of attorney's fees under 42 U.S.C. §§ 406(b) and 1383(d)(2) no later than thirty days after the date of the Social Security letter sent to Plaintiff's counsel of record at the conclusion of the Agency's past-due benefit calculation stating the amount withheld for attorney's fees. Defendant's response, if any, shall be filed no later than thirty days after Plaintiff's attorney serves the motion on Defendant. Plaintiff shall file any reply within ten days of service of Defendant's response.

**SO ORDERED**, this 7th day of March, 2011.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

18